IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARLINZA ANTION JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-789-HE |
| ) | |
| OKLAHOMA COUNTY JAIL; ) | |
| P. D. TAYLOR, Undersheriff; ) | |
| and BRIAN MAUGHAN, ) | |
| Oklahoma County ) | |
| Commissioner, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.  Plaintiff's claims.**

Harlinza Jones (Plaintiff), appearing pro se[1] and in forma pauperis, brings this civil rights action seeking relief for a claimed violation of his Eighth Amendment right to be free from cruel and unusual punishment at the Oklahoma County Detention Center (OCDC).[2]  Doc. 1, at 6.[3]  As Defendants, Plaintiff lists the OCDC, *id.* at 1, and he names P.D. Taylor, Undersheriff, and

---

[1]   Because Plaintiff appears pro se, the court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[2]   Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Doc. 4.

[3]   Citations to a court document are to its electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

Brian Maughan, Oklahoma County Commissioner, in their official and individual capacities. *Id.* at 1, 4.

As factual support for his claim, Plaintiff alleges "[i]t's black mold in the shower 8C pod and through out the building only one shower is usable." *Id.* at 7. He contends "[i]nmates are breathing this air in because the county jail has recycled air no outside air." *Id.* As relief, he asks "for the showers to be fixed[,] for black mold to be cleaned out of the building, for the county jail to make it where it's real outside air flowing through this building, [and] for the courts to make the county jail to pay me $1 million[.]" *Id.*

## II. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, the court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. Analysis.

### A. Defendant OCDC is not a suable entity.

In the caption of his complaint, Plaintiff lists the OCDC—what he refers to as the Oklahoma County Jail—as the first Defendant. Doc. 1, at 1. Because the OCDC does not have a legal identity separate from that of Oklahoma County, the OCDC is not a suable entity and is not a proper defendant in a § 1983 action. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. Jun. 21, 2000) ("[A] detention facility is not a person or legally

created entity capable of being sued."); *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (county criminal justice center is not a "separate suable entity" under 42 U.S.C. § 1983). Plaintiff fails to state a claim against the OCDC—the Oklahoma County Jail, as Plaintiff terms it—upon which relief may be granted.

> **B.** **Plaintiff fails to state a claim upon which relief may be granted against Defendants Taylor and Maughan in either their official or individual capacities.**
>
> **1. Official capacity.**

"Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In order to state a viable claim, Plaintiff must plausibly allege that Defendants Taylor and Maughan "committed a constitutional violation" and that an Oklahoma County "policy or custom was the moving force behind the constitutional deprivation." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (internal quotation marks omitted). Here, Plaintiff describes allegedly deficient conditions at OCDC—black mold, lack of usable showers, recycled air—but he pleads no facts to effectively allege an "official policy or custom [of Oklahoma County that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Porro*, 624 F.3d

4

at 1328. In other words, "his complaint does not link any of the alleged violations to any policy, custom, or practice of any government entity or named official." *Aston*, 2000 WL 796086, at *4. As such, Plaintiff fails to state a claim upon which relief may be granted against Defendants Taylor and Maughan in their official capacities.

### 2. Individual capacity.

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). But "[§] 1983 does not authorize liability under a theory of respondeat superior." *Id.* at 1164. "In a § 1983 suit . . . masters do not answer for the torts of their servants [and, a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. A plaintiff, therefore, must sufficiently plead personal involvement, causation, and state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Here, Plaintiff's "complaint merely identifies the [D]efendants in the caption and fails to allege any facts tending to establish a connection or a link between the alleged misconduct and constitutional violations and . . . [D]efendants [Taylor or Maughan]." *Aston*, 2000 WL 796086, at *4. Plaintiff, therefore, fails to state a claim upon which relief may be granted against Defendants Taylor and Maughan in their individual capacities.

5

## IV. Recommendation and notice of right to object.

The undersigned recommends the dismissal without prejudice of Plaintiff's action under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), for failure to state a § 1983 claim against any Defendant upon which relief may be granted.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 7, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 17th day of November, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE